IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARCHER & GREINER, A Professional Corporation,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>BRAIN-PAD INCORPORATED, f/k/a WIPSS PRODUCTS, INC., XYZ COMPANIES 1-20 (fictitious names), and JOHN DOES 1-20 (fictitious names), individually, jointly, severally, and in the alternative,<br><br>　　　　　　　　Defendants. | Civil Action No. _____<br><br>**COMPLAINT** |

Plaintiff Archer & Greiner, A Professional Corporation ("Plaintiff" or "Archer"), as and for its Complaint against Defendants Brain-Pad Incorporated, formerly known as WIPSS Products, Inc. ("BPI"), XYZ Companies 1-20, and John Does 1-20 (collectively, "Defendants"), alleges as follows:

**THE PARTIES**

1.　　Plaintiff Archer & Greiner, A Professional Corporation, is a New Jersey professional corporation with its principal office at One Centennial Square, Haddonfield, New Jersey 08033. Archer, one of the five largest law firms in New Jersey, is a full service, regional law firm with a reputation for providing the highest quality, result-driven legal services to corporate and individual clients.

2.　　Defendant Brain-Pad Incorporated, f/k/a WIPSS Products, Inc. ("BPI") is a Pennsylvania corporation with a business address of 322 Fayette Street, Conshohocken,

Pennsylvania 19428. BPI is a maker of mouth-guards and other protective products designed to reduce sports injuries.

3. Defendant XYZ Companies 1-20 are fictitious names for currently unidentified companies which, upon information and belief, acted in concert with the named defendant and/or are otherwise liable to Plaintiff based on the facts herein.

4. Defendant John Does 1-20 are fictitious names for currently unidentified adult individuals who, upon information and belief, acted in concert with the named defendant and/or are otherwise liable to Plaintiff based on the facts herein.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because this action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is laid under 28 U.S.C. § 1391(b)(1) because Defendant BPI is a corporation with a business address in this judicial district.

## FACTUAL BACKGROUND

7. Defendant BPI and Plaintiff entered into one or more agreements whereby Archer agreed to provide certain legal services in exchange for BPI's promise to make payment for same in accordance with the agreed upon terms.

8. Plaintiff provided professional legal services on BPI's behalf in connection with multiple matters, and Archer regularly issued invoices relating to each such matter, approximately on a monthly basis.

9. For instance, Archer successfully defended BPI in a significant intellectual property dispute, wherein BPI's competitor accused BPI of infringing a patent by designing and selling its own impact-protective headbands.

10. As reported in *Innovative Patents, L.L.C. v. Brain-Pad, Inc.*, 719 F. Supp. 2d 379 (D. Del. 2010), Archer argued successfully for summary judgment of non-infringement in BPI's favor, and obtained a dismissal of all nine patent infringement claims brought against BPI.

11. In rejecting the BPI competitor's claims, the court ruled that BPI did not infringe the competitor's patents either literally or under the doctrine of equivalents, and also denied the competitor's demand that BPI pay triple damages based on alleged losses from infringement.

12. In a further success for BPI, as reported in *Innovative Patents, L.L.C. v. Brain-Pad, Inc.*, 416 Fed. Appx. 904 (Fed. Cir. 2011), BPI's competitor's attempted appeal of the court's grant of summary judgment in BPI's favor was dismissed by the appellate court for failure to prosecute the case.

13. Payment of Archer's invoices for professional legal services was due upon receipt of same by BPI, pursuant to the agreements between the parties.

14. Once BPI had fallen behind in making payments to Plaintiff, and failed to pay monthly invoices issued by Archer as they became due and owing, Plaintiff agreed to continue providing legal services in exchange for the agreement and acknowledgement by BPI that as of June 30, 2010 there would be interest charges added on all unpaid invoices going forward at a rate of 1% per month or 12% annually.

15. The total outstanding amount due and owing from BPI for professional legal services provided by Archer is $1,153,118.33, inclusive of accrued interest charges as of August 14, 2014.

16. Despite Archer's demands for payment of this balance due, the entire amount of $1,153,118.33 remains due and owing from BPI, including interest charges which continue to accrue.

17. As a consequence of BPI's wrongful actions, Archer has been further harmed by having to incur other substantial costs that it would not have had to incur but for said breaches.

18. Such damages include, but are not limited to, the costs associated with the filing of this litigation and attorneys' fees incurred in connection with this effort.

19. Despite the best efforts of Plaintiff to avoid litigation, BPI's failure and refusal to make payment for those professional legal services rendered on its behalf have forced Archer to file suit to collect the amount that is due and owing.

20. Pursuant to N.J.S.A. § 2A:13-6, copies of statements listing all unpaid invoices were forwarded to BPI by Plaintiff on or about May 28, 2013.

21. Notice was also given to BPI on that same date, in accordance with New Jersey Rule 1:20A-6, of the right to elect fee arbitration.

22. BPI failed to exercise that right to opt for fee arbitration and/or request a fee arbitration hearing.

## FIRST CAUSE OF ACTION
*(Breach of Contract)*

23. Plaintiff repeats and incorporates herein by reference all the allegations contained in Paragraphs 1 through 22 above as if set forth in full.

24. Archer performed all of its obligations under its contractual agreements with BPI to provide professional legal services to BPI.

25. BPI has breached material terms and conditions of the agreements with Archer by, among other things, failing to pay the invoices for professional legal services rendered by Plaintiff upon receipt of those invoices.

26. As a result of BPI's wrongful actions and breaches of contract, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
*(Book Account)*

27. Plaintiff repeats and incorporates herein by reference all the allegations contained in Paragraphs 1 through 26 above as if set forth in full.

28. Per the book account maintained by Archer, BPI owes $1,153,118.33 for those services rendered by Plaintiff, inclusive of interest charges through August 14, 2014.

29. No part of the above-referenced sum has been paid despite repeated demands made by Plaintiff.

30. As a result of BPI's wrongful actions, Plaintiff has been damaged.

## THIRD CAUSE OF ACTION
*(Quantum Meruit)*

31. Plaintiff repeats and incorporates herein by reference all the allegations contained in Paragraphs 1 through 30 above as if set forth in full.

32. Archer provided professional services for the benefit of all Defendants, as more particularly set forth above.

33. Defendants received a substantial benefit as a result of Plaintiff's professional services.

34. At the time these benefits were conferred upon Defendants, Plaintiff provided these professional services under the assumption that it would be paid in an amount equal to the reasonable value of the services provided.

35. Defendants have each failed and refused to pay Plaintiff in an amount equal to the reasonable value of the services that were provided and, as a result, Plaintiff has been damaged.

## FOURTH CAUSE OF ACTION
### *(Unjust Enrichment)*

36. Plaintiff repeats and incorporates herein by reference all the allegations contained in Paragraphs 1 through 35 above as if set forth in full.

37. Plaintiff provided professional legal services for the benefit of the Defendants, as more particularly set forth above.

38. Substantial benefits were conferred upon Defendants as a result of Plaintiff's professional services.

39. Defendants will be unjustly enriched if allowed to retain the benefits conferred upon them without payment to Plaintiff.

40. As a result of Defendants' wrongful actions, Plaintiff has been damaged.

*[Space intentionally left blank.]*

**WHEREFORE,** Plaintiff, Archer & Greiner, A Professional Corporation, hereby demands judgment on each and all of the above causes of action in its favor and against all Defendants, Brain-Pad Incorporated, f/k/a WIPSS Products, Inc., XYZ Companies 1-20, and John Does 1-20, as follows:

    i.    the sum of $1,153,118.33, and other compensatory and consequential damages;

    ii.    pre-judgment interest;

    iii.    attorneys' fees and costs of suit; and

    iv.    such other and further relief that the Court deems equitable and just.

By: */s/ Jeffrey M. Scott*
Jeffrey M. Scott, Esquire
Oleg V. Nudelman, Esquire
Archer & Greiner, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 963-3300
jscott@archerlaw.com
*Attorneys for Plaintiff, Archer & Greiner, A Professional Corporation*

Dated:  August 21, 2014

9907784v3